UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES CHAVERS, JR.,

Plaintiff,

v.

DENNIS LEE PALM, ESQ.,

Defendants.

Civil No. 00-1299 (RHK/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Federal Medical Center in Springfield, Missouri, ("FMC-Springfield"), commenced this action by filing a complaint and an application seeking leave to proceed in forma pauperis, ("IFP"). Plaintiff's pleading and IFP application are now properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, it will be recommended that this action be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On or about July 25, 1997, Plaintiff was convicted in this District on charges of having sex with a minor in violation of 18 U.S.C. § 2243. U.S. v. Chavers, Crim. No. 5-96-16. He received a federal prison sentence, and he is currently serving that sentence at FMC-Springfield.

[1] Plaintiff's IFP application was not accompanied by the initial partial filing fee mandated by 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by Magistrate Judge John Mason's order of June 5, 2000. (Docket No. 3.) Plaintiff has now paid the initial partial filing fee prescribed by that order, and the matter is therefore ripe for further review.

FILED JUL 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In his present complaint, Plaintiff alleges that he retained Defendant, Attorney Dennis Lee Palm, Esq., to represent him in "the U.S. Court of Appeals for the District of Minnesota," for a fee of $10,000. Plaintiff further alleges that he actually paid Defendant $7100 (and promised to pay the remaining balance), but Defendant never provided any legal services of any kind. According to the complaint, "Plaintiff attempted to contact Mr. Palm on numerous occasion and got no response." (Complaint, [Docket No. 1], p. 1.) Plaintiff claims that Defendant's inaction caused the appeal in his criminal case to be summarily dismissed due to untimeliness.

Plaintiff is now attempting to sue Defendant for obtaining money from him "under false statements and promises of service which were never provided." While acknowledging that he has been reimbursed for $4100 of the $7100 that he paid to Defendant,[2] Plaintiff now seeks a judgment against Defendant for the remaining $3000, "plus interest (from 1997) and penalties." He is also seeking to recover unspecified sums for "emotional stress" and punitive damages.

**II. DISCUSSION**

The Court finds Plaintiff's complaint to be fatally defective, on its face, because it includes no allegations showing the existence of subject matter jurisdiction. "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). Thus, Fed. R. Civ. P. 8(a) requires that complaints in federal cases "shall contain (1) a short and plain statement of

---

[2] Plaintiff has received $3200 from the "Minnesota Client Security Board," and $900 from someone (apparently another attorney) who shared office space with Defendant. (Complaint, p. 2.)

the grounds upon which the court's jurisdiction depends...." Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In this case, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction; and, after carefully reviewing the file, the Court finds that subject matter jurisdiction simply does not exist here.

The Court initially notes that Plaintiff's claims for relief do not involve any federal laws that would provide subject matter jurisdiction under 28 U.S.C. § 1331 – the "federal question" statute.[3] The allegations in the complaint, if true, would almost certainly support a tort claim (for fraud or legal malpractice), a breach of contract claim, or perhaps a claim for some type of equitable remedy. However, those are purely state law causes of action. No claim involving federal law is presented in the complaint.

In making the finding that Plaintiff has not presented a claim based on federal law, the Court has not overlooked Plaintiff's unexplained reference to "his Due Process Rights and Fundamental Fairness." (Complaint, p. 3.) This phrase suggests that Plaintiff might be attempting to sue Defendant for some alleged violation of his federal constitutional rights. To maintain such a claim, however, Plaintiff would have to allege, (and ultimately prove), that Defendant violated his federal constitutional rights while Defendant was acting under color of state or federal law. See West v. Atkins, 487 U.S. 42, 48 (1988). In this case, there are no factual allegations suggesting that Defendant was ever acting under

[3] 28 U.S.C. § 1331 provides that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

color of state or federal law. To the contrary, the complaint clearly indicates that Defendant was simply a privately retained attorney. It is well-settled that private attorneys cannot be considered government actors, who can be sued in a federal civil rights action, merely because they are authorized to practice law in government-operated courts. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).[4] Thus, Plaintiff's oblique reference to "due process" cannot be viewed as a proper basis for exercising "federal question" subject matter jurisdiction in this case.

Nor can federal court jurisdiction be invoked based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because it appears that Plaintiff and Defendant are both residents of Minnesota. The address that Plaintiff has provided for Defendant, (as shown on the civil cover sheet that Plaintiff has filed in this action), is 250 Second Avenue South, Minneapolis, Minnesota; and the judgment in Plaintiff's criminal case, (U.S. v. Chavers, Crim. No. 5-96-16; Docket No. 36), shows his address to be 1729 15th Avenue South, # 3, Minneapolis, Minnesota.

The fact that Plaintiff is currently confined at FMC-Springfield does not make him a resident of Missouri for purposes of determining whether there is diversity of citizenship in this case. To the contrary, a prisoner litigant is presumed to be a resident of the state where he resided when he was taken into custody. Jones v Hadican, 552 F.2d 249, 250-51 (8th Cir.) (per curiam), cert. denied, 431 U.S. 941 (1977). To overcome that

[4] Even if Defendant had been a court appointed attorney, he still would not be considered to have been acting under color of state or federal law for purposes of a federal civil rights action. Dodson, 454 U.S. at 318, n. 7.

presumption, a prisoner-plaintiff must allege facts in his complaint showing that he has acquired a new post-incarceration domicile in a different state. Id. at 251 ("the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile"). Plaintiff's present complaint includes no facts suggesting that he has acquired a new domicile since he was taken into custody. He must therefore be considered to be a resident of Minnesota for purposes of determining whether diversity jurisdiction exists.

In Jones, as in the present case, a prisoner brought an action in federal court against the attorney who represented him in his criminal case. The prisoner and his attorney resided in the same state during the criminal case proceedings, but the prisoner was later transferred to a prison in a different state. When the prisoner tried to sue his attorney in federal court, the district court dismissed the case, sua sponte, for lack of subject matter jurisdiction. The Eighth Circuit upheld that decision, concluding that:

> "Because appellant failed to allege facts sufficient to create a substantial question that he intended to acquire a new domicile, the District Court properly determined that no diversity of citizenship existed. As no other basis for jurisdiction appears, [footnote omitted] the District Court order dismissing the complaint for lack of subject-matter jurisdiction is affirmed."

552 F.2d at 251.

The Jones decision is directly applicable here. According to that decision, Plaintiff must be presumed to still be a resident of Minnesota, because he has presented no facts showing otherwise. Because the named Defendant in this case also is a Minnesota

resident, there is no diversity jurisdiction here.[5]

## III. CONCLUSION

In sum, the Court can find no grounds that would allow the Minnesota District Court to exercise subject matter jurisdiction in this case. It is therefore recommended that the action be dismissed, sua sponte, pursuant to Fed. R. Civ. P. 12(h)(3). It is further recommended, however, that the action be dismissed without prejudice, so that Plaintiff can pursue his claims in a more proper forum, (presumably a Minnesota state court).

Because Plaintiff has failed to state a claim that can be entertained in federal court, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the full amount of the statutory filing fee pursuant to 28 U.S.C. § 1915(b).[6]

---

[5] Diversity jurisdiction may also be precluded here because it does not appear that the amount in controversy in this case "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The only specific dollar amount that Plaintiff is seeking is $3000, which represents the portion of the retainer fee for which he has not yet been reimbursed. Although Plaintiff has also asked for damages for "emotional stress" as well as punitive damages, there is no indication that his request for such additional damages would bring his total claim up to the $75,000 jurisdictional threshold.

[6] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket No. 1), be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

3. Plaintiff be required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2); and

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 27, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.