UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES CHAVERS, JR.,

Plaintiff,

v.

DENNIS LEE PALM, ESQ.,

Defendants.

Civil No. 00-1299 (RHK/SRN)

**ORDER**

This matter is presently before the Court pursuant to the remand order of District Judge Richard H. Kyle, dated August 15, 2000. (Docket No. 9.) The case was remanded to the undersigned Magistrate Judge for the purpose of reviewing Plaintiff's proposed amendments to his complaint. At this point, however, there is no amended pleading of record. Plaintiff has merely indicated that he would like to have an opportunity to file a new pleading. ("Notice of Objection and Petition to Amend;" Docket No. 8.) As the District Court Judge noted in his order, Plaintiff is entitled to file one amended complaint, "as a matter of course," (see Fed. R. Civ. P. 15(a)), and thus he will be allowed to do so here.

If Plaintiff chooses to amend his complaint, he must file an entirely new pleading. See Local Rule 15.1 ("[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference"). Any new pleading should be clearly identified as "Amended Complaint," and should conform to the pleading requirements set forth at Fed. R. Civ. P. 8-11. This means, inter alia, that it must include "a short and plain statement of the grounds upon which the court's jurisdiction depends."

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Fed. R. Civ. P. 8(a). If Plaintiff intends to rely on the diversity statute, (28 U.S.C. § 1332), as a basis for subject matter jurisdiction, he will have to allege facts showing that he and Defendant are citizens of different states, and that the amount in controversy exceeds $75,000.

If Plaintiff intends to file an Amended Complaint in this action, he must do so by no later than September 22, 2000. If he has not filed an Amended Complaint by that date, it will be recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. If Plaintiff does file an Amended Complaint in a timely manner, the Court will review it and determine whether (i) IFP status should formally be granted, (ii) a summons should be issued, and (iii) the U.S. Marshal should be directed to effect service of process on Defendant.[1]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS ORDERED** that:

Plaintiff shall file an Amended Complaint, consistent with the requirements discussed herein, by no later than September 22, 2000, failing which it will be

[1] If Plaintiff wants the marshal's office to effect service of process on the Defendant in this case, he will have to inform the marshal of Defendant's current whereabouts. Marshal service cannot be performed, and will not be ordered, unless Plaintiff submits a properly completed marshal service form (USM-285), which includes an address where Defendant can be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). (Marshal service forms are available from the Clerk of Court upon request.) Plaintiff will also have to provide an extra copy of his Amended Complaint, (if he chooses to file one), for service on Defendant. If Defendant is not properly served in a timely manner, (either by the marshal or otherwise), this action will be subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

recommended that this action be dismissed for failure to prosecute.

Dated: August 18, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge