UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES CHAVERS, JR.,

Plaintiff,

v.

DENNIS LEE PALM, ESQ.,

Defendant.

Civil No. 00-1299 (RHK/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prison inmate, commenced this action by filing a complaint and an application seeking leave to proceed in forma pauperis, ("IFP"). In a Report and Recommendation ("R&R") dated July 27, 2000, (Docket No. 6), the Court recommended that Plaintiff's action be dismissed for lack of subject matter jurisdiction. Plaintiff filed objections to that R&R, and indicated that he wanted to amend his complaint. By order dated August 15, 2000, (Docket No. 9), the District Court Judge declined to adopt the prior R&R, and remanded the matter to this Court for the purpose of reviewing Plaintiff's proposed amended complaint.

Following the District Court Judge's remand order, this Court entered an order dated August 18, 2000, (Docket No. 10), which directed Plaintiff to file his amended complaint by no later than September 22, 2000. That order expressly warned Plaintiff that if he did not file an amended complaint by the specified deadline, it would be recommended that his action be summarily dismissed, without prejudice, for failure to prosecute.

DEC 05 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The deadline by which Plaintiff was to file his amended complaint has now passed, and, to date, Plaintiff has not filed any new pleading. On October 19, 2000, the Clerk of Court received a letter from Plaintiff, which indicated that Plaintiff had been transferred to a different prison on or about October 10, 2000. The Court has no reason to believe that Plaintiff did not receive the order of August 18, 2000, as that order was sent to him almost two months before his prison transfer. Nevertheless, following the receipt of Plaintiff's change-of-address letter, the Court directed the Clerk's office to re-send the order of August 18, 2000, to Plaintiff at his new prison address. According to the Clerk's docket sheet, that order was re-sent to Plaintiff on October 24, 2000.

It has now been fifteen weeks since the Court ordered Plaintiff to file an amended complaint, and it has been nearly six weeks since the Court's order was re-sent to Plaintiff at his new address. Yet Plaintiff still has not filed an amended complaint, nor has he offered any indication that he still intends to file an amended complaint. It will therefore be recommended, in accordance with the Court's order of August 18, 2000, that this action be summarily dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Because Plaintiff has abandoned this action, it will be recommended that his IFP application be denied as moot. However, Plaintiff shall remain liable for the unpaid

balance of the statutory filing fee. 28 U.S.C. § 1915(b).[1]

**RECOMMENDATION.**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b);

2. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be DENIED as moot; and

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: December 5, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.